IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Joseph Richardson, ) | |
| ) | C/A No. 0:09-336-JFA-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND** |
| State; Warden of Broad River Correctional ) | **RECOMMENDATION** |
| Institution, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

The petitioner, Antonio Joseph Richardson ("Richardson"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 17.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 20.) Richardson filed a response. (Docket Entry 23.) Having carefully considered the parties' submissions and the Record in this case, the court finds that the respondents' motion should be granted.

## BACKGROUND

Richardson was indicted in July 1998 in Sumter County for armed robbery, attempted murder, assault and battery with intent to kill, and possession of a weapon during a violent crime (98-GS-43-788). (App. at 252-53, Docket Entry 18-2 at 254-55; Docket Entry 18-17 at 1-6.)

Richardson was represented by Charles T. Brooks, III, Esquire. On March 7, 2000,[1] Richardson was tried by a jury and found guilty of assault and battery with intent to kill and possession of a weapon during a violent crime.[2] (App. at 242-43, Docket Entry 18-1 at 243-44.) The circuit court sentenced Richardson to twenty years' imprisonment for assault and battery with intent to kill and five years' imprisonment for possession of a weapon during a violent crime. (App. at 250, Docket Entry 18-1 at 250.)

Richardson appealed and was represented by Aileen P. Clare, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense. (Docket Entry 18-17 at 10-11.) On July 5, 2001, Clare filed an Anders[3] brief and a petition to be relieved as counsel. (Docket Entry 18-4.) In her brief, Clare raised the following issues:

> I. Did the lower court err by refusing to suppress an identification produced by an unduly suggestive photographic lineup?
>
> II. Did the lower court err by denying appellant's motion for a directed verdict?

(Id. at 3.) Additionally, Richardson filed a *pro se* response in which he raised the following issues:

> 1. Fatally defective issued arrest warrants, by the magistrate judge, who violated petitioners fourth 4th and fourteenth 14th amendment rights, to unlawfully arrest him with out an independent finding of probable cause.
>
> 2. Ineffective assistance of trial counsel.

---

[1] The respondents note that the trial transcript reflects a discrepancy in the date of Richardson's trial, but that other documentation indicates that the actual date of the proceedings was March 7, 2000. (See Respts.' Ret. & Mem. in Supp. of Mot. Summ. J., Docket Entry 18 at 2 n.1.)

[2] Richardson was not tried on the charge of attempted murder. (See App. at 4, Docket Entry 18-1 at 7.)

[3] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

> 3. Prosecutorial misconduct.
>
> 4. Trial court judge not impartial, and for burden shifting the states heavy burden of proof on the defense.

(Docket Entry 18-5 at 4) (errors in original). On February 19, 2002, the South Carolina Court of Appeals dismissed Richardson's appeal. (State v. Richardson, 02-UP-120 (S.C. Ct. App. February 19, 2002), Docket Entry 18-6.) The remittitur was issued on April 9, 2002. (Docket Entry 18-7.)

Richardson filed a *pro se* application for post-conviction relief on April 2, 2002 ("2002 PCR Action"). (Richardson v. State of South Carolina, 02-CP-43-371, Docket Entry 18-8.) In his application, Richardson raised the identical issues that he raised in his *pro se* response to the Anders brief, as quoted above. (Id. at 7.) The State filed a return on August 19, 2003. (Docket Entry 18-9.) On September 15, 2003, the PCR court held an evidentiary hearing at which Richardson was present and testified and was represented by Richard A. Blackmon, Esquire.[4] (App. 268-74, Docket Entry 18-1 at 269-75.) The PCR court denied and dismissed Richardson's application with prejudice by order filed October 8, 2003. (App. at 275-81, Docket Entry 18-1 at 276-82.) Specifically, the PCR court summarily dismissed Richardson's allegations of prosecutorial misconduct and partiality of the trial judge as issues that could have been raised on direct appeal. (App. at 277, Docket Entry 18-1 at 278.) Additionally, the PCR court ruled that it could find no evidence to support Richardson's claim that the trial court lacked subject matter jurisdiction and summarily dismissed that allegation as well. (App. at 278, Docket Entry 18-1 at 279.) Finally, the PCR court ruled that Richardson had failed to show that his counsel was ineffective. (App. at 280, Docket Entry 18-1 at 281.) Richardson did not appeal the denial of his 2002 PCR Action.

---

[4] The court reporter states in her letter to the South Carolina Office of Appellate Defense that, due to problems with both the CD of the transcript and the original audio tape, only a small portion of the transcript of the September 15, 2003 proceedings could be reproduced. (See App. at 268, Docket Entry 18-1 at 269.)

Richardson filed a second PCR application on June 24, 2004 ("2004 PCR Action"). (See Richardson v. State of South Carolina, 04-CP-43-799, App. at 282-94, Docket Entry 18-1 at 283-93.) In his application, Richardson raised the following issue:

1. Counsel failed to timely preserve applicant's entitlement to seek appellate review of the lower court's denial of the initial application for PCR.

(App. at 284, Docket Entry 18-1 at 285.) The State filed a return and motion to dismiss on May 9, 2005. (App. at 294-98, Docket Entry 18-1 at 295-99.) On June 14, 2005, the PCR court held an evidentiary hearing at which Richardson was represented by Paul L. Held, Esquire. (App. at 299-307, Docket Entry 18-1 at 300-08.) By order filed August 22, 2005, the PCR judge gave Richardson leave to file a belated petition to seek appellate review of his 2002 PCR Action pursuant to Austin v. State.[5] (App. at 308-11, Docket Entry 18-1 at 309-12.)

Counsel for Richardson filed a notice of appeal from the PCR judge's August 22, 2005 order. On appeal, Richardson was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender with the South Carolina Commission on Indigent Defense. On May 15, 2006, Pachak filed a petition for a writ of certiorari in which he argued the following:

There was evidence to support the PCR judge's findings that petitioner was entitled to a belated appeal of the denial of his first PCR application.

(Docket Entry 18-11 at 4.) Additionally, Pachak filed a petition for a writ of certiorari pursuant to Austin v. State in which he presented the following question:

Whether petitioner's case should be remanded for a new PCR hearing when only a partial five page transcript is available from his first PCR hearing?

---

[5] Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).

(Docket Entry 18-3 at 5.) The State filed a return. (Docket Entry 18-12.) On June 6, 2007, the South Carolina Supreme Court issued an order granting the petition for certiorari and remanding the matter to the 2002 PCR judge in order to reconstruct the September 15, 2003 PCR hearing. (Supp. App. II at 9-10, Docket Entry 18-3 at 11-12.) Additionally, Richard A. Blackmon, Richardson's 2002 PCR counsel, was appointed to represent Richardson at the reconstruction hearing. (Id.)

On July 18, 2007, the PCR court held the reconstruction hearing at which Richardson appeared and testified. (App. at 15-66, Docket Entry 18-3 at 17-68.) Subsequently, Pachak filed a Johnson[6] petition for a writ of certiorari pursuant to Austin v. State and a petition to be relieved as counsel. (Docket Entry 18-13.) In his petition, Pachak presented the following issue:

> Whether defense counsel was ineffective in failing to properly object to inconsistent verdicts?

(Id. at 3.) Richardson filed a *pro se* response to the Johnson petition in which he raised the following issues:

1. Fatally defective issued arrest warrants, by magistrate judge, who violated petitioners fourth 4th and 14th fourteenth amendment rights, to unlawfully arrest him with out an independent finding of probable cause.
2. Ineffective assistance of trial counsel.
3. Prosecutorial misconduct.
4. Trial judge not impartial, and for burden shifting the states heavy burden of proof on the defense.

(Docket Entry 18-14 at 4) (errors in original). By order dated November 6, 2008, the South Carolina Supreme Court denied Richardson's petition for a writ of certiorari. (Docket Entry 18-15.) The remittitur was issued on November 24, 2008. (Docket Entry 18-16.)

---

[6] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).

## FEDERAL HABEAS ISSUES

Richardson filed a federal Petition for a writ of habeas corpus in which he raises the following issues:

**Ground One:** Subject Matter Jurisdiction
**Supporting Facts:** My Indictment that have 3 charges on it was not true bill was not sign that's the one where the attempted murder was drop. I was arraingment on Page 4-5 Line 7-11. I was arraing on three charges not four. The attempted murder should not still be coming up before any courts. It was dropped. The indictment that have Mr C Kelly Jackson name on it who was the prosecutor is the correct indictment.

**Ground Two:** Fatally Defective Issued Arrest Warrant
**Supporting Facts:** Probable cause was used an eyewitness has identity me in a photo line up. She talk with me but she did not see me commit any crime. After she let me go they come back the next day and lock me up and the victim was still in the ICU. He identify me a week later but I was already lock up.

**Ground Three:** Ineffective Assistance of Trial Counsel
**Supporting Facts:** My lawyer allow 4 witnesses to take the stand that had no knowledge of the crime. He let the detective state the he gather my photo graph from the Dentention Center. Stating I have been in the Dentention on numberus back date accausion. And probly for the same affence.

**Ground Four:** Prosecutorial Misconduct
**Supporting Facts:** The prosecutor Mr. Kelly Jackson call Detective Hick to the stand and testify that he gather a number of photo graph from the dention center Supp. App. 188 Line 12-14. The prosecutor let 4 witnesses testefy that had no knowledge of the crime. None of the witness could place me at the crime scene.

(Docket Entry 1 at 5-10) (errors in original).

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.  Habeas Corpus Standard of Review**

  **1.  Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved

an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. **Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C. Respondents' Motion for Summary Judgment**

**1. Procedural Bar**

As an initial matter, the respondents allege that Grounds Two, Three, and Four of the instant Petition are procedurally barred. However, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Based on the record in this matter, the court deems that, in the interest of judicial economy, it is more efficient to proceed directly to the merits of these claims. See 28 U.S.C. § 2254(b)(2); Lambrix, 520 U.S. at 525 ("Judicial economy might counsel giving the [habeas claim] priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.").

**2. Ground One**

In Ground One, Richardson alleges that the trial court lacked subject matter jurisdiction over his case. In support of this argument, Richardson argues that his indictment contained numerous errors and also references alleged defects in his arraignment. Richardson's assertion that the trial court was without subject matter jurisdiction is a question of state law, which is not cognizable in this federal habeas action. Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998) (concluding that because a petitioner's allegations that the circuit court lacked jurisdiction over certain counts of an indictment rested solely upon the interpretation of state laws, it was not cognizable on federal habeas review); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas

corpus court to reexamine state-court determinations on state-law questions."). Accordingly, Richardson's first ground does not warrant habeas corpus relief.

### 3. Ground Two

In Ground Two, Richardson contends that his arrest warrant was fatally defective. It appears that Richardson bases this argument on his assertion that the warrant lacked sufficient probable cause. Even if the court determined that the arrest warrant was defective and Richardson's arrest was invalid, it would not provide Richardson any relief. See Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (stating that an "illegal arrest or detention does not void a subsequent conviction"); see also United States v. Crews, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction."). Therefore, Richardson is not entitled to federal habeas relief on this ground.

### 4. Ground Three

In Ground Three, Richardson raises two claims of ineffective assistance of trial counsel. First, Richardson argues that trial counsel was ineffective in permitting four witnesses who he asserts lacked knowledge of the crime to testify at trial. Second, Richardson alleges that trial counsel was ineffective in permitting Detective Hicks to testify as to how he obtained Richardson's photograph for the photographic lineup.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

As stated above, Richardson's first claim of ineffective assistance of trial counsel alleges that counsel erred in permitting four witnesses who he asserts lacked knowledge of the crime to testify at the trial. The four witnesses that testified were Wilson Brabham, the victim; Dr. Mark Crabbe, the doctor who treated the victim; Martha McBride, the officer who stopped Richardson shortly after the robbery was committed; and Detective James Hicks, one of the investigating officers of the robbery. The respondents argue that each of these witnesses testified to "facts that were both relevant to the crimes committed by Petitioner and to the investigation into the crime." (Docket Entry 18 at 24.) The court observes that Richardson provides no argument in response and finds that Richardson has failed to provide any basis upon which trial counsel could have moved to exclude the testimony of these witnesses. Further, upon thorough review of the record, the court finds that each of these witnesses offered testimony relevant to crimes Richardson was accused of committing. (See App. at 98-190, Docket Entry 18-1 at 101-93.)

Richardson also alleges that trial counsel was ineffective in permitting Detective Hicks to testify as to how he obtained Richardson's photograph for the photographic lineup. The testimony that Richardson appears to contend was improper occurred during trial counsel's cross-examination of Detective Hicks. Detective Hicks acknowledged that he presented the first photo lineup to Officer McBride. He also acknowledged that the lineup included a photograph of Richardson and that Richardson was the only person in the lineup smiling. Trial counsel then asked, "But in the photo lineup given to Mr. Brabham, [the victim,] you had a different picture, is that correct?" To which Detective Hicks responded,

> We had to - - we use the most recent pictures that we can find available. And of course we use the one that he was booked with at the correctional center on that charge. And I updated a photo of him. A recent photo of him, and used that picture from Mr. Brabham.

(App. at 188, Docket Entry 18-1 at 191.) The respondents argue that Richardson cannot demonstrate any deficiency by trial counsel in conducting this line of questioning and further argue that Richardson fails to demonstrate how he was prejudiced. Richardson provides no argument in response. Upon review of Detective Hicks's testimony, the court finds that Richardson cannot establish that trial counsel's questions were unreasonable or that Detective Hicks provided any objectionable responses. (See App. at 187-89, Docket Entry 18-1 at 190-92.)

Thus, Richardson cannot show that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by any alleged deficiency. Therefore, Richardson cannot meet the standard enunciated under Strickland and is not entitled to federal habeas relief on these claims. Strickland, 466 U.S. at 687.

### 5. Ground Four

In Ground Four, Richardson raises claims alleging prosecutorial misconduct. First, Richardson asserts that it was improper for the prosecutor to call Detective Hicks to testify that he

gathered photographs for the lineup from the detention center. This claim rests on an inaccurate premise. The prosecutor called Detective Hicks to testify and asked him whether two witnesses identified Richardson in the photographic lineup. He also questioned Detective Hicks about the lineup procedure. (See App. at 183-87, 189-90, Docket Entry 18-1 at 186-190, 192-93.) However, as discussed above in Ground Three, Richardson's trial counsel, not the prosecutor, asked Detective Hicks about Richardson's photographs, which led to Detective Hicks's explanation of the source of the photographs. (App. at 188, Docket Entry 18-1 at 191.) Accordingly, this claim lacks merit.

Second, Richardson contends that it was prosecutorial misconduct for the prosecutor to call four witnesses to testify who allegedly had no knowledge of the crime. This claim mirrors Richardson's first claim of ineffective assistance of trial counsel discussed above. See supra Discussion, Section C.4. For the reasons stated above, the court finds that Richardson has demonstrated no basis on which these witnesses' testimony should have been excluded. Accordingly, Richardson cannot demonstrate that the prosecutor's conduct was improper and this claim is without merit.

Therefore, Richardson is not entitled to federal habeas relief on these claims.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondents' motion for summary judgment (Docket Entry 17) be granted and that Richardson's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 5, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).