UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Joseph Richardson, ) | C/A No. 0:09-336-JFA-PJG |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| State; Warden of Broad River ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Petitioner Antonio Joseph Richardson, a state prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C. § 2254.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondents' motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts, procedural history, and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

Recommendation, which was entered on the docket on February 5, 2010. Petitioner filed timely objections to the Report. The court has carefully reviewed the petitioner's objections and finds them merely repetitive of the same arguments made before and considered by the Magistrate Judge in her Report. As such, they are overruled.

THE PETITIONER'S GROUNDS FOR RELIEF

The present federal habeas petition was filed in this court on February 11, 2009. Respondents concede that the record supports a finding of exhaustion under 28 U.S.C. § 2254(b)(1).

(1) *Subject Matter Jurisdiction*. My Indictment that have 3 charges on it was not true bill was not sign that's the one where the attempted murder was drop. I was arraingment on Page 4-5 Line 7-11. I was arraing on three charges not four. The attempted murder should not still be coming up before any courts. It was dropped. The indictment that have Mr C Kelly Jackson name on it who was the prosecutor is the correct indictment.

(2) *Fatally Defective Issued Arrest Warrant*. Probable cause was used an eyewitness has identity me in a photo line up. She talk with me but she did not see me commit any crime. After she let me go they come back the next day and lock me up and the victim was still in the ICU. He identify me a week later but I was already lock up.

(3) *Ineffective Assistance of Trial Counsel*. My lawyer allow 4 witnesses to take the stand that had no knowledge of the crime. He let the detective state that

2

> he gather my photograph from the Detention Center. Stating that I have been in the Detention on numerous accausion. And probably for the same affence.
>
> (4) *Prosecutorial Misconduct.* The prosecutor Mr. Kelly Jackson call Detective Hick to the stand and testify that he gather a number of photo graph from the dention center Supp. App. 188 Line 12-14. The prosecutor let 4 witnesses testefy that had no knowledge of the crime. None of the witness could place me at the crime scene.

(Pet. at 5)(errors in original).

## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge opines that even though the respondents assert that Grounds 2, 3, and 4 of the petition are procedurally barred, the court is not required to address a procedural default issue before deciding against the petitioner on the merits, citing *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003)[citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); 28 U.S.C. § 2254(b)(2).] The Magistrate Judge suggests that in the interest of judicial economy, it is more efficient in this case to proceed directly to the merits of these claims.

Due to the circuitous procedural history of this case set out in the Report and Recommendation, and the respondents' conclusory reliance on procedural bars as an affirmative defense to petitioner's claims, the court agrees with the Magistrate's Judge's suggestion and will discuss petitioner's Grounds on the merits.

DISCUSSION

As the Magistrate Judge properly notes, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also Humphries v. Ozmint*, 397 F.3d 206 (4th Cir. 2005) ; *McHone v. Polk*, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*Ground 1*

Respondents contend that Ground 1 is without merit because it does not assert a claim upon which federal habeas relief can be granted. Subject matter jurisdiction is a matter of state law that is not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Estelle v. McGuire*, 501 U.S. 62, 67-68 (1991). This court agrees with the Magistrate Judge that Ground 1 is without merit.

*Ground 2*

In Ground 2, petitioner contends that his arrest warrant was fatally defective because it lacked probable cause. As the Magistrate Judge notes, even if the court determined that the arrest warrant was defective and petitioner's arrest was invalid, it would not provide relief. The Supreme Court has held that an "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Additionally, the Supreme Court has found that "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980). This court agrees with the Magistrate Judge that the petitioner is not entitled to relief on this Ground.

*Ground 3*

Petitioner claims that trial counsel was ineffective for allowing four witnesses who lacked knowledge of the crime to testify at trial and for allowing a detective to testify as to how he obtained a photograph of petitioner for a photographic lineup. Using the two-prong test under *Strickland v. Washington*, 466 U.S. 668 (1984), the Magistrate Judge opines, and this court agrees, that the petitioner has failed to show that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by any alleged deficiency, hence, petitioner is not entitled relief.

*Ground 4*

The Magistrate Judge suggests that petitioner's contentions of prosecutorial misconduct are without merit and the petitioner cannot demonstrate that the prosecutor's

conduct was improper. This court agrees and finds Ground 4 to be without merit.

*Certificate of Appealability*

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The respondents' motion for summary judgment is hereby granted.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

March 31, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge